IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DR. RUSSELL KISER, D.D.S., M.S., | : | |
| | : | Case No. 2:12-cv-574 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | |
| LILI REITZ, *et al.*, | : | Magistrate Judge Deavers |
| | : | |
| Defendants. | : | |

**OPINION & ORDER**

**I. INTRODUCTION**

This matter is before the Court on Defendants' Motion to Dismiss. (Doc. 6) For the reasons stated herein, the Defendants' Motion is **GRANTED**. This action is **DISMISSED** in its entirety.

**II. BACKGROUND**

Plaintiff, Russell Kiser, D.D.S., M.S., ("Dr. Kiser") is a licensed dentist practicing in the state of Ohio. He owns a dental practice at 1245 South Trimble Road, Mansfield, Ohio 44907. Defendants are fourteen members of the Ohio State Dental Board, sued in their official capacities: Lili Reitz, Marybeth D. Shaffer, Jacinto W. Beard, Mary Ellen Wynn, Douglas W. Wallace, Ketki B. Desai, James J. Lawrence, Constance F. Clark, Lawrence B. Kaye, W. Chris Hanners, Linda R. Staley, Clifford Jones, William G. Leffler, and Gregory A. McDonald ("Defendants"). The Dental Board is a state agency, established by Ohio Revised Code Chapter 4715.01, et seq., and the regulations in the Ohio Administrative Code Chapter 4715, et. seq. Members of the Dental Board are empowered by statute to license and regulate dental

-2-

professionals in the State of Ohio, as well as enforce the provisions of O.R.C. § 4715.01, et. seq., and O.A.C. § 4715, et. seq.

Ohio Administrative Code § 4715-13-05 regulates the advertising of specialty dental services. The rule provides that a dentist may only advertise that she is a specialist if she meets the requirements of O.A.C. § 4715-5-04(B). The Code mandates that "the practice of the licensed dentist seeking specialty recognition must be limited exclusively to the indicated specialty area(s)." O.A.C. § 4715-5-04(B)(2). Section 4715-13 also governs public announcements, publicity, advertising, and solicitation of licensed dentists.

According to Plaintiff's Complaint, Dr. Kiser is a specialist in the area of endodontics because he has completed an American Dental Association Commission on Dental Accreditation-accredited post-doctoral education program in endodontics and is a "Diplomate" of the American Board of Endodontics.[1]  On August 17, 2009, Dr. Kiser received a warning letter from the Dental Board for an alleged violation of O.A.C. § 4715-5-04(B)(2).  The Board issued the warning to Dr. Kiser for practicing "outside the scope" of his declared specialty—endodontics.  Dr. Kiser alleges that the warning and threat of formal disciplinary action was intended to have a chilling effect on his commercial speech and induce him to forego lawful advertising.  In May 2012, nearly three years after the Board issued the warning, Dr. Kiser requested that the Board review and approve proposed signage for his office that would include the terms "endodontist" and "general dentist" or "general dentistry." The Board neither rejected nor approved the signage, but responded with a copy of the relevant regulations and a letter advising Dr. Kiser to consult with legal counsel.  With its response, the Board also included a copy of the 2009 warning to Dr. Kiser.  The Board did not, however, commence any formal

---

[1] An "endodontist" is a specialist in root canal procedures.

proceedings or disciplinary action against Dr. Kiser, nor has the Board initiated any such discipline to date.

Dr. Kiser brings multiple causes of action against the Defendants. Dr. Kiser seeks declaratory and injunctive relief related to the Ohio statutory scheme for the regulation of the practice of dentistry. *See* O.A.C. §§ 4715-5-04 and 4715-13-05. Dr. Kiser filed his Complaint on June 28, 2012. On September 18, 2012, Defendants filed this Motion to Dismiss (the "Motion") for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The Motion has been fully briefed and is ripe for adjudication.

### III. STANDARD OF REVIEW

Subject matter jurisdiction is a threshold matter that a court must decide prior to considering the merits of a claim. *City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp. 971, 975 (S.D. Ohio 1993). Rule 12(b)(1) provides that the defendant may file a motion to dismiss based on a "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). The plaintiff has the burden of proving jurisdiction when subject matter jurisdiction is challenged. *Rogers. v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986). Attacks on subject matter jurisdiction may be either facial attacks or factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack challenges the legal sufficiency of the complaint. When considering such a challenge, the court "must take the material allegations of the petition as true and construe[] [them] in the light most favorable to the nonmoving party." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A legal conclusion couched as a factual allegation, however, need not be accepted as true. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## IV. LAW & ANALYSIS

Defendants' Motion states multiple grounds for dismissal, one of which is lack of ripeness, a threshold matter. This Court is one of limited jurisdiction, granted authority under Article III of the United States Constitution to adjudicate only actual "Cases" or "Controversies." United States Const. art. III, § 2, cl. 1. Justiciability doctrines have developed to ensure the federal courts do not transgress that fundamental limitation. Ripeness is one such justiciability doctrine, "drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 58 n.18 (1993). Enforcing ripeness requirements "prevents a court from engaging in premature adjudication of an issue, *particularly when an administrative decision is not yet final.*" *Conlon v. Sebelius*, 2013 WL 500835, ___ F. Supp. 2d ___ (N.D. Ill. Feb. 8, 2013) (citing *Nat'l Park Hospitality Ass'n v. Dep't of the Interior*, 538 U.S. 803, 807-08 (2003)) (emphasis added).

Ripeness is a subtle issue "whose threshold is notoriously hard to pinpoint." *Pittsburgh Mack Sales & Serv. Inc. v. Int'l Union of Operating Eng'rs, Local Union,* 580 F.3d 185, 190 (3d Cir. 2009). To assist courts in pinpointing that threshold, the Supreme Court has stated that "[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998). The Supreme Court has also explained that ripeness turns on "the fitness of the issue for judicial decision" and "the hardship to the parties of withholding court consideration." *Abbot Labs. v. Gardner*, 387 U.S. 136, 149 (1967).

The Sixth Circuit has further elaborated on ripeness, establishing three "key factors" for assessing ripeness: (1) the likelihood that the harm alleged by the party will ever come to pass; (2) the hardship to the parties if judicial relief is denied at this stage in the proceedings; and (3)

-5-

whether the factual record is sufficiently developed to produce a fair adjudication of the merits. *Dealer Computer Servs., Inc. v. Dub Herring Ford*, 547 F.3d 558, 561 (6th Cir. 2008).[2] Application of these three factors to the case at hand demonstrates that Dr. Kiser's claims are not ripe and, thus, not fit for adjudication.

### A. First Factor: Likelihood the Alleged Harm Will Ever Come to Pass

"The ripeness inquiry arises most clearly when litigants seek to enjoin the enforcement of statutes, regulations, or policies *that have not yet been enforced against them*." *Ammex, Inc.*, v. *Cox*, 351 F.3d 697, 706 (6th Cir. 2003) (emphasis added). At this time, the Board has not formally charged or disciplined Dr. Kiser and it is uncertain whether any such action will ever be taken. Since the Board issued a warning letter to Dr. Kiser in 2009, it has not taken one more step towards disciplinary action. Moreover, the Board's subsequent decision to neither reject nor approve the signage does not resemble any disciplinary action. Since the Board has not yet enforced the regulations at issue against Dr. Kiser, his claim is not ripe for adjudication.[3] *See Ammex, Inc. v. Cox*, 351 F.3d 697, 708 (6th Cir. 2003) (cautioning courts to "avoid pre-enforcement challenges that do not permit enforcement agencies to refine their policies").

### B. Second Factor: Hardship to the Parties if Judicial Relief is Denied

Dr. Kiser asserts that the Board's regulations have a chilling effect on his right to free speech. There are mechanisms in place at the administrative level, however, for Dr. Kiser to challenge the any disciplinary action the Board takes against him. *See Derakhshan v. State Med. Bd. of Ohio*, 10th Dist. No. 07AP-261, 2007-Ohio-5802 at ¶ 30. The absence of any disciplinary

---

[2] While "the ripeness analysis 'is somewhat relaxed in the First Amendment context,'" it is not so relaxed as to vitiate the Sixth Circuit's ripeness analysis, nor so relaxed as to allow this Court jurisdiction over a matter which is not an actual case or controversy. *Lawrence v. Welch*, 531 F.3d 364, 374 (6th Cir. 2008).

[3] Lack of ripeness in this case is largely predicated on the absence of any formal disciplinary charges against Dr. Kiser. If the Board did initiate charges against Dr. Kiser, his case may ripen, but this Court would still have to consider whether to abstain from exercising jurisdiction pursuant to *Younger v. Harris*, 401 U.S. 37, 44 (1971). *See Kalniz v. Ohio State Dental Bd.*, 699 F. Supp. 2d 966, 971 (S.D. Ohio 2010).

action leads this Court to the conclusion that denying judicial relief at this stage imposes no significant hardship to the parties. If the Board initiates charges against Dr. Kiser, the Board can only discipline him through administrative action. In an administrative action, the Board would determine whether Dr. Kiser violated the Board's regulations. At that time, Dr. Kiser would have the opportunity to challenge the Board's disciplinary action, and present evidence at a hearing to support his argument that the Board's rules are unconstitutional. *See id.*

### C.  Third Factor: Whether the Factual Record is Sufficiently Developed

Since the Board has not taken disciplinary action against Dr. Kiser, no record has developed which would allow the Court to determine whether Dr. Kiser has suffered an injury. This leads the Court to conclude that the factual record is not sufficiently developed for adjudication.

In summary, the Court finds that this case is not ripe for adjudication.  It is uncertain whether the Dental Board will ever initiate any formal charges against Dr. Kiser, and if it does, there are mechanisms in place at the administrative level for Dr. Kiser to challenge the Board's disciplinary action.  Since the dispute is not ripe, this Court lacks subject matter jurisdiction to adjudicate the merits of Dr. Kiser's claims, and the Court thus dismisses all of Plaintiff's claims.

### V. CONCLUSION

For the foregoing reasons Defendants' Motion to Dismiss is, hereby, **GRANTED**.  This case is **DISMISSED** in its entirety.

**IT IS SO ORDERED.**

    s/ Algenon L. Marbley
**ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE**

**DATED: August 14, 2013**