**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DR. RUSSELL KISER, D.D.S., M.S.,** | : | |
| | : | **Case No. 2:12-CV-574** |
| **Plaintiff,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **vs.** | : | |
| | : | **Magistrate Judge Elizabeth P. Deavers** |
| **LILI REITZ, *et al.*,** | : | |
| | : | |
| **Defendants.** | : | |

**OPINION & ORDER**

**I. INTRODUCTION**

This matter is before the Court on remand from the Sixth Circuit (Doc. 22) for

consideration of all defendants' ("Defendants") Motion to Dismiss (Doc. 6).  For the following

reasons, Defendants' motion to dismiss is **GRANTED.**

**II. BACKGROUND**

Plaintiff, Russell Kiser, D.D.S., M.S., ("Plaintiff") is a licensed dentist practicing in the

state of Ohio.  He owns a dental practice at 1245 South Trimble Road, Mansfield, Ohio 44907.

Defendants are fourteen members of the Ohio State Dental Board, sued in their official

capacities: Lili Reitz, Marybeth D. Shaffer, Jacinto W. Beard, Mary Ellen Wynn, Douglas W.

Wallace, Ketki B. Desai, James J. Lawrence, Constance F. Clark, Lawrence B. Kaye, W. Chris

Hanners, Linda R. Staley, Clifford Jones, William G. Leffler, and Gregory A. McDonald

("Defendants").  The Dental Board ("Board") is a state agency, established by Ohio Revised

Code Chapter 4715.01, et seq., and the regulations in the Ohio Administrative Code Chapter

4715, et. seq. Members of the Dental Board are empowered by statute to license and regulate

dental professionals in the State of Ohio, as well as enforce the provisions of O.R.C. § 4715.01,

et. seq., and O.A.C. § 4715, et. seq.

Ohio Administrative Code § 4715-13-05 regulates the advertising of specialty dental

services.  The rule provides that a dentist may only advertise that she is a specialist if she meets

the requirements of O.A.C. § 4715-5-04(B).  The Code mandates that "the practice of the

licensed dentist seeking specialty recognition must be limited exclusively to the indicated

specialty area(s)."  O.A.C. § 4715-5-04(B)(2).  Section 4715-13 also governs public

announcements, publicity, advertising, and solicitation of licensed dentists.

Plaintiff is a specialist in the area of endodontics because he has completed an American

Dental Association Commission on Dental Accreditation-accredited post-doctoral education

program in endodontics and is a "Diplomate" of the American Board of Endodontics.  On

August 17, 2009, Plaintiff received a warning letter from the Dental Board for an alleged

violation of O.A.C. § 4715-5-04(B)(2).  The Board issued the warning for practicing "outside the

scope" of his declared specialty— endodontics.  Plaintiff alleges that the warning and threat of

formal disciplinary action was intended to have a chilling effect on his commercial speech and

induce him to forego lawful advertising.  In May 2012, nearly three years after the Board issued

the warning, Plaintiff requested that the Board review and approve proposed signage for his

office that would include the terms "endodontist" and "general dentist" or "general dentistry."

The Board neither rejected nor approved the signage, but responded with a copy of the relevant

regulations and a letter advising Plaintiff to consult with legal counsel.  With its response, the

Board also included a copy of the 2009 warning to Plaintiff.  The Board did not, however,

commence any formal proceedings or disciplinary action against Plaintiff, nor has the Board

initiated any such discipline to date.

Plaintiff brings multiple causes of action against the Defendants. Plaintiff seeks declaratory and injunctive relief related to the Ohio statutory scheme for the regulation of the practice of dentistry. *See* O.A.C. §§ 4715-5-04 and 4715-13-05. Plaintiff filed his Complaint in June 2012. In September 2012, Defendants filed this motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim. This Court dismissed the case as unripe for adjudication in August 2013. (Doc. 17). The Plaintiff appealed, and the Sixth Circuit overturned that decision and remanded the case back to this Court for adjudication in August 2014. (Doc. 22). The Court now considers the fully briefed motion.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows for a case to be dismissed for "failure to state a claim upon which relief can be granted." Such a motion "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir.2005). Thus, a court must construe the complaint in the light most favorable to the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir.2008). But a court is not required to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Although liberal, Rule 12(b)(6) requires more than bare assertions of legal conclusions. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir.1993) (citation omitted). Generally, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is, and the grounds upon which it rests." *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir.2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). In short, a complaint's factual allegations "must be enough to raise a right to relief

above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  It must

contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

A federal district court's basis for subject matter jurisdiction over a dispute may be

challenged by filing a motion under Federal Rules of Civil Procedure 12(b)(1). *See Rogers v.*

*Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986).  Subject matter jurisdiction may be

challenged at any time by any party, and the court itself may dismiss a case where it decides that

it lacks subject matter jurisdiction.  *Ogle v. Church of God*, 153 F. App'x 371, 374 (6th Cir.

2005) ("The existence of subject matter jurisdiction may be raised at any time, by any party, or

even *sua sponte* by the court itself.").  The party invoking federal subject matter jurisdiction

bears the burden of proving the existence of subject matter jurisdiction in the case.  *Id.* at 375.

## IV. LAW AND ANALYSIS

### A. Abstention

Defendants argue that this Court should abstain from asserting jurisdiction because

Ohio's statutory scheme provides adequate judicial relief for agency decisions.[1]  Plaintiff

disagrees and argues that Ohio's process is inadequate to address Plaintiff's constitutional

claims.  The Court finds that abstention would be improper because Defendants have not made

an adequate showing that adjudication would be disruptive to the administrative scheme.

"Abstention from the exercise of federal jurisdiction is the exception, not the rule."

*Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 96 S. Ct. 1236,

1244, 47 L. Ed. 2d 483 (1976).  A federal court must "abstain from jurisdiction where to assume

jurisdiction would 'be disruptive of state efforts to establish a coherent policy with respect to a

---

[1] Defendants also urge abstention under the *Pullman* doctrine, but that is inapplicable here because there is no
pending state proceeding.   *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496, 501, 61 S. Ct. 643, 646, 85 L. Ed.
971 (1941) (where the Court abstained from hearing the case until the conclusion of state court proceedings because
the controversy could be concluded in state court).

matter of substantial public concern.' " *AmSouth Bank v. Dale*, 386 F.3d 763, 783 (6th Cir. 2004)

(quoting *Colo. River,* 424 U.S. at 814).  But it would be inappropriate for a federal court "to

dismiss a suit merely because a State court could entertain it." *Colo. River*, 424 U.S. at 814

(quoting *Alabama Pub. Serv. Comm'n. v. Southern R. Co.*, 341 U.S. 341, 361, 71 S.Ct. 762, 774,

95 L.Ed. 1002, 1015 (1951) (Frankfurter, J., concurring in result)).

Here, Plaintiff challenges two independent sections of a statutory scheme.  Defendants

allege that if Plaintiff's claims are successful, it will "disrupt the administrative scheme for the

regulation of the practice of dentistry in Ohio."  (Doc. 6 at 19).  But Defendants do not provide

any detail about what would be disruptive to the administrative scheme.  If this Court abstained

from ruling on the constitutionality of state regulations because of abstention, Plaintiff would not

have a practical alternative.  Moreover, Plaintiff could be required to violate the regulations in

order to challenge them under state law.  The Court does not find Defendants' argument

persuasive, and declines to abstain from hearing the merits of Plaintiff's claims.

### B. Subject Matter Jurisdiction

Defendants argue that the Eleventh Amendment renders state agents immune from suit

for monetary damages when sued in their official capacity.  Plaintiff agrees and stipulates that he

seeks no monetary relief.  (Doc. 8 at 10-11).  Although the Plaintiff initially requested "all

attorneys' fees and costs incurred in bringing this action" and "all other relief to which he may

be entitled," (Doc. 2 at 17) Plaintiff now agrees that he is not entitled to monetary relief against

state agent Defendants.  "[T]he federal court may award an injunction that governs the official's

future conduct[] but not one that awards retroactive monetary relief."  *Pennhurst State Sch. &*

*Hosp. v. Halderman*, 465 U.S. 89, 102-03, 104 S. Ct. 900, 909, 79 L. Ed. 2d 67 (1984).  On this

point, the parties agree, and this Court **GRANTS** Defendants' motion to dismiss any elements of

Plaintiff's prayer for relief that would provide for monetary relief.

### C. Substantive Due Process

Defendants argue that Plaintiff has not adequately pled a substantive due process

violation because he did not allege that Defendants deprived him of any fundamental right.

Plaintiff responds that the challenged statutes "constitute a taking of a constitutionally protected

interest." (Doc. 8 at 27). Plaintiff has not identified any fundamental right that has been

affected, so his substantive due process claim fails.

Substantive due process is "[t]he doctrine that governmental deprivations of life, liberty

or property are subject to limitations regardless of the adequacy of the procedures employed."

*Does v. Munoz*, 507 F.3d 961, 964 (6th Cir. 2007) (quoting *Bowers v. City of Flint,* 325 F.3d

758, 763 (6th Cir.2003)). Courts require a " 'careful description' of the asserted fundamental

liberty interest." *Washington v. Glucksberg*, 521 U.S. 702, 721, 117 S. Ct. 2258, 2268, 138 L.

Ed. 2d 772 (1997) (citing *Reno v. Flores*, 507 U.S. 292, 301, 113 S. Ct. 1439, 1447, 123 L. Ed.

2d 1 (1993)). Here, Plaintiff has not identified any fundamental interest in his substantive due

process claim. He states that enforcement of the regulations "constitute[s] a taking of a

constitutionally protected interest" (Doc. 2 at ¶ 43) without identifying what that constitutionally

protected interest is. Plaintiff has not pled a required element of claim for substantive due

process with adequate specificity, so this claim is **DISMISSED**.

### D. Procedural Due Process

In his complaint, Plaintiff complains that the challenged regulations violate procedural

due process because the American Dental Association ("ADA") determines "which areas of

dentistry are 'specialty areas.' " (Doc. 2 at ¶ 28). He argues that there is "no procedural

protection from arbitrary or self-interested determinations by the ADA, which in turn are blindly adopted by the Defendant Board to determine what constitutes the lawful practice of dentistry and related advertising." (*Id.* at ¶ 39). Defendants argue that there is no constitutional right to participate in the rulemaking process, but that Ohio provides such opportunity through a public hearing. (Doc. 6 at 23). Plaintiff argues that the constitutionally protected right is to licensure. (Doc. 2 at ¶ 40). Plaintiff further alleges that there is no legally protected right to notice or an opportunity to be heard when the ADA determines which areas of dental practice will be deemed specialties, and there is no right to appeal the ADA's decisions to a neutral body. (Doc. 8 at 24-25).

"In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law.*" *Zinermon v. Burch*, 494 U.S. 113, 125, 110 S. Ct. 975, 983, 108 L. Ed. 2d 100 (1990) (citing *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981)). "[P]rocedural due process generally requires notice and an opportunity to be heard." *Spinosi v. United States*, No. 2:11-CV-00961, 2011 WL 7144897, at *6 (S.D. Ohio Dec. 6, 2011) (citing *Marderosian v. City of Beavercreek,* 423 F. App'x 524, 527 (6th Cir.2011)).

Here, the Plaintiff has pled that the Defendants have deprived him of a property interest in practicing in all the dental areas in which he is licensed. (Doc. 2 at ¶ 40). And the statute in question defers to the ADA in determining the areas of dentistry in which a candidate may become a specialist. O.A.C. § 4715-5-04(B)(1) (stating "[t]he indicated specialty(s) of dentistry must be those for which there are certifying boards recognized by the [ADA]"). But the ADA itself does not limit Plaintiff from practicing general dentistry. The ADA merely publishes a list

of specialties, and individual states have the opportunity to use that list for lawmaking purposes.

It is the *Ohio law* that limits Plaintiff from practicing general dentistry when he chooses to

designate himself as a specialist in endodontics.  Plaintiff argued that the ADA does not provide

opportunity to participate in the rulemaking process, but the real inquiry is whether he has the

right to participate in that rulemaking process or to petition *the Board* to amend its rules.  And he

pleads no facts to suggest that he cannot participate in that rulemaking process.  In fact,

Defendants state that "Ohio statutes provide for notice and opportunity for public comment in the

rulemaking process." (Doc. 10 at 17).  Plaintiff does not plead that he has no opportunity to be

heard in the rulemaking process by the Ohio Board, so his procedural due process claim fails.

Defendant's motion to dismiss this claim is **GRANTED**.

### E. Equal Protection

Defendants argue that the regulations have a reasonable relationship to the substantial

government interest in enabling the public to distinguish between specialists and general dentists.

Plaintiff argues that the regulations impinge on his fundamental right "to be rewarded for [his]

industry" and they do not satisfy strict scrutiny or rational review.  (Doc. 8 at 26).  Plaintiff's

equal protection claim fails because the law does not burden a fundamental right, and it is

rationally related to a legitimate government interest.

Under an equal protection analysis, "if a law neither burdens a fundamental right nor

targets a suspect class, we will uphold the legislative classification so long as it bears a rational

relation to some legitimate end."  *Romer v. Evans*, 517 U.S. 620, 631, 116 S. Ct. 1620, 1627,

134 L. Ed. 2d 855 (1996) (citing *Heller v. Doe,* 509 U.S. 312, 319–320, 113 S.Ct. 2637, 2642,

125 L.Ed.2d 257 (1993)).  "[T]he right to work in a specific profession is not a fundamental

right."  *Helm v. Liem*, 523 F. App'x 643, 645 (11th Cir.) cert. denied, 134 S. Ct. 830, 187 L. Ed.

2d 691 (2013) (citing *Mass. Bd. of Retirement v. Murgia,* 427 U.S. 307, 313, 96 S.Ct. 2562,

2566–67, 49 L.Ed.2d 520 (1976)) (stating that "a standard less than strict scrutiny has

consistently been applied to state legislation restricting the availability of employment

opportunities"). Plaintiff points to no case law that would suggest that a fundamental right exists

to be "rewarded for [one's] industry." And the Supreme Court has held that the right to a certain

type of employment is not a fundamental right. Furthermore, Plaintiff has not alleged that he

belongs to a suspect class, so the proper analysis for this claim is rational basis review.

Rational basis review "employs a relatively relaxed standard reflecting the Court's

awareness that the drawing of lines that create distinctions is peculiarly a legislative task and an

unavoidable one." *Murgia*, 427 U.S. at 314. "On rational-basis review, a classification in a

statute [] comes to us bearing a strong presumption of validity." *F.C.C. v. Beach Commc'ns,*

*Inc.*, 508 U.S. 307, 314-15, 113 S. Ct. 2096, 2101-02, 124 L. Ed. 2d 211 (1993) (citing *Lyng v.*

*Automobile Workers,* 485 U.S. 360, 370, 108 S.Ct. 1184, 1192, 99 L.Ed.2d 380 (1988)). A law

will survive rational basis review "if there is a rational relationship between the disparity of

treatment and some legitimate governmental purpose." *Heller v. Doe by Doe*, 509 U.S. 312, 320,

113 S. Ct. 2637, 2642, 125 L. Ed. 2d 257 (1993). The state has a legitimate purpose in enabling

the public to distinguish between general and specialist dentists, and the Sixth Circuit even

suggests that the interest might be "substantial." *Parker v. Com. of Ky., Bd. of Dentistry*, 818

F.2d 504, 510 (6th Cir. 1987).

Here, the government has at least a legitimate purpose, if not a substantial interest, in

enabling the public to distinguish between general and specialist dentists. And it is rational to

further that interest by requiring dentists to categorize themselves as either a generalist or

9

specialist, and limit advertising accordingly.  The challenged laws survive a rational basis analysis, so Plaintiff's equal protection claim is **DISMISSED**.

## F. First Amendment

Plaintiff brings a claim that the challenged regulations violate the First Amendment because they do not allow him to advertise for all dental services he is licensed to perform. Defendants argue that because Ohio law prevents Plaintiff from providing services as a specialist and a general dentist, advertising both services would be advertising an illegal activity, which is not granted First Amendment protections.  The Court finds no First Amendment violation here because advertisement for both specialist and general dentistry services violate Ohio laws, which would constitute advertisement for illegal activity.

"The First Amendment, as applied to the States through the Fourteenth Amendment, protects commercial speech from unwarranted governmental regulation." *Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of New York*, 447 U.S. 557, 561, 100 S. Ct. 2343, 2349, 65 L. Ed. 2d 341 (1980).  But "false, deceptive, or misleading commercial speech may be banned." *Ibanez v. Florida Dep't of Bus. & Prof'l Regulation, Bd. of Accountancy*, 512 U.S. 136, 142, 114 S. Ct. 2084, 2088, 129 L. Ed. 2d 118 (1994) (citing *Zauderer v. Office of Disciplinary Counsel of Supreme Court of Ohio,* 471 U.S. 626, 638, 105 S.Ct. 2265, 2275, 85 L.Ed.2d 652 (1985)).  And advertising that "proposes an illegal transaction is not protected by the First Amendment from state regulation." *Parker v. Com. of Ky., Bd. of Dentistry*, 818 F.2d 504, 509 (6th Cir. 1987).

Here, the Board issued a warning to Plaintiff when he advertised services outside of his specialization of endodontics.  (Doc. 2 at ¶ 22).  But Plaintiff has not succeeded on any other grounds to challenge the regulation that limits his practice to endodontics.  The Ohio regulation banning a specialist from performing general dentistry remains in full effect.  So any

10

advertisement for services outside endodontics would constitute deceptive advertising, if

Plaintiff did not anticipate performing the additional services, or would be for an illegal activity

if Plaintiff planned to perform the services.  For these reasons, Plaintiff's First Amendment claim

is **DISMISSED**.

### V. CONCLUSION

For the foregoing reasons, this Court **GRANTS** Defendants' motion to dismiss, and the

case is **DISMISSED** in its entirety.

**IT IS SO ORDERED.**

                 **s/ Algenon L. Marbley**
                 **ALGENON L. MARBLEY**
                 **UNITED STATES DISTRICT JUDGE**

**DATED: March 20, 2015**