**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DR. RUSSEL KISER D.D.S., M.S.,** | : | |
| | : | **Case No. 12-CV-574** |
| **Plaintiff,** | : | |
| | : | **Judge Algenon L. Marbley** |
| **v.** | : | |
| | : | **Magistrate Judge Elizabeth P. Deavers** |
| **HARRY KAMDAR, *et al.*,** | : | |
| | : | |
| **Defendants.** | : | |

**OPINION AND ORDER**

This matter is before the Court for consideration of Defendants' Motion to Stay

Discovery (ECF No. 37), Plaintiffs' Memorandum in Opposition (ECF No. 40), Defendants'

Reply (ECF No. 41), Plaintiff's Motion to Strike Defendants' Reply (ECF No. 42), Defendants'

Motion for an Extension of Time to File Reply Memorandum Instanter and Defendants'

Response to Plaintiff's Motion to Strike (ECF No. 43), Plaintiff's Memorandum in Opposition to

Defendants' Motion for an Extension of Time (ECF No. 44), and Defendants' Reply in Support

of Motion for Extension of Time (ECF No. 45).  For the reasons below, Defendants' Motion for

Extension of Time (ECF No. 43) is **GRANTED**, Plaintiff's Motion to Strike (ECF No. 42) is

**DENIED**, and Defendants' Motion to Stay (ECF No. 37) is **GRANTED**.

**I.**

Plaintiff, a licensed dentist, brought this action challenging the constitutionality of the

Ohio State Dental Board's ("Board") regulation prohibiting him from calling himself an

"endodontist" because he performs procedures outside the scope of that specialty.  The Board

voted to rescind the at-issue regulation, with an effective date of December 22, 2016, and has

also publically announced its intent not to enforce the regulation.  On November 17, 2016,

Defendants filed a Motion to Dismiss for Lack of Jurisdiction, arguing that the Board's rescission of the regulation at issue renders this action moot.  (ECF No.  36.)  Defendants contemporaneously filed the subject Motion to Stay (ECF No. 37), seeking a stay of discovery pending resolution of their Motion to Dismiss.

In their Motion to Stay, Defendants argue that because the Board's rescission of the subject regulation renders this action moot, discovery would serve no purpose and would waste party resources.  Defendants contend that a stay of discovery pending the Court's resolution of this threshold, legal issue is therefore warranted.

Plaintiff opposes a stay, arguing that the instant action is not moot because he is entitled to a declaration that his civil rights have been violated for the past four years.  Plaintiff maintains that "there is a very real possibility that the challenged conduct could be repeated through re-promulgation of the regulation."  (Pl.'s Mem. in Opp. 2, ECF No. 40.)  Plaintiff also notes that he is "investigating evidence that suggests that rescission of the regulation was done in bad faith . . . ."  (*Id.*)  He asserts that he needs to take "three or four depositions" to assist the Court in deciding Defendants' Motion to Dismiss.

Defendants filed their Reply in support of the Motion to Stay three business days late, on December 20, 2016.  Plaintiff filed a Motion to Strike (ECF No. 42), asking the Court to strike the Reply as untimely, prompting Defendants to file a Motion for Extension of Time to for Leave to File Reply Memorandum *Instanter* and Response to Plaintiff's Motion to Strike (ECF No. 43).  Defendants explain that they were under the mistaken impression that the Court's November 29, 2016 Order (ECF No. 39) granted an extension until December 22, 2016, for them to file their Reply.  The November 29, 2016 Order upon which they rely, however, only allowed an extension of time until December 22, 2016, for Plaintiff to file his Memorandum in Opposition

to Defendants' Motion to Dismiss.  Plaintiff opposes Defendants' requested extension of time, arguing that Defendants have failed to establish good cause for the requested extension and also that he has been prejudiced because he sought leave to conduct discovery on issues raised in the Motion to Dismiss.  (ECF No. 44.)  In their Reply in support of their Motion for an Extension of Time, Defendants produced an email in which counsel contemplated seeking extensions of time for both the Motion to Dismiss and the Motion to Stay.  (ECF No. 45-1.)  Defendants also represent that they would not oppose any request by Plaintiff for an extension of time in which to respond to their Motion to Dismiss.

In their Reply in Support of their Motion to Stay (ECF No. 41), Defendants oppose Plaintiff's request for deposition discovery.  Defendants also contest Plaintiff's assertion that the regulation at issue could easily be re-enacted and sets forth the procedures for promulgating such regulations.

## II.

### A. Plaintiff's Motion to Strike and Defendants' Motion for an Extension of Time

As a threshold matter, Plaintiff's Motion to Strike Defendants' Reply (ECF No. 42) is **DENIED**, and Defendants' Motion for an Extension of Time (ECF No. 43) is **GRANTED**.  As a general rule, the Court prefers to decide a case on its merits.  *See, e.g., Thacker v. City of Columbus*, 328 F.3d 244, 252 (6th Cir. 2003); *Leak v. Lexington Ins. Co.*, 641 F.Supp. 2d 671, 674 (S.D. Ohio 2009).  Here, Defendants have offered a good-faith basis for missing the deadline by only three business days.  The Court further finds Plaintiff's allegations of prejudice to be without merit.  Should Plaintiff require additional time to respond to the Motion to Dismiss, he may file a motion seeking such an extension.

**B.      Defendants' Motion to Stay**

Having reviewed the parties' briefs and the pending Motion to Dismiss Case as Moot, the Court is persuaded that a temporary stay of discovery pending resolution of Defendants' Motion Dismiss is warranted.

A district court has "the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ferrell v. Wyeth–Ayerst Labs., Inc.,* No. 1:01-cv-447, 2005 WL 2709623, *1 (S.D. Ohio Oct. 21, 2005) (citing *In re Airline Pilots Ass'n. v. Miller*, 523 U.S. 866, 880 (1998)); *see also Landis v. N. Am. Co.,* 299 U.S. 248, 254–55 (1936). The Court, however, "'must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay.'" *Id.* (quoting *Ohio Envtl. Council v. U.S. Dist. Ct.,* 565 F.2d 393, 396 (6th Cir. 1977)).  In deciding whether to grant a stay, courts commonly consider factors such as:  (1) the need for a stay; (2) the stage of litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether burden of litigation will be reduced for both the parties and the court.  *Grice Eng'g, Inc. v. JG Innovs., Inc.,* 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citations omitted).  The movant bears the burden of showing both a need for delay and that "neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council*, 565 F.2d at 396.

As Defendants point out and Plaintiff does not dispute, the pending Motion to Dismiss presents threshold legal questions.  In addition, resolution of the Motion to Dismiss could dispose of the entire case or at least simplify the issues presented in this action.  Adjudication of the Motion to Dismiss prior to the parties' engaging in discovery could therefore preserve both judicial and counsel's resources.  Moreover, although this case has been pending for a number of

years, from a procedural standpoint, this case remains in its infancy.  Finally, the Court cannot

discern how the short stay contemplated will unduly prejudice or tactically disadvantage

Plaintiff, especially given that the regulation that he challenges in this instant action has been

rescinded.

  In sum, the Court finds that Defendants have carried their burden to show that a limited

stay of discovery is appropriate under the circumstances presented in this case.  The Court

therefore exercises its discretion to conclude that a temporary stay pending resolution of

Defendants' Motion to Dismiss is warranted.  In addition, Court declines to permit Plaintiff to

depose the four Board members he identified in his Memorandum in Opposition to Defendants'

Motion to Stay.  At this juncture, based upon the parties' briefing, the Court is unable to discern

how their deposition testimony is necessary for resolution of Defendants' Motion to Dismiss.

Plaintiff may, of course, raise this issue again in his Memorandum in Opposition to Defendants'

Motion to Dismiss.

**IV.**

  For the reasons set forth above, Defendants' Motion for Extension of Time (ECF No. 43)

is **GRANTED**, Plaintiff's Motion to Strike (ECF No. 42) is **DENIED**, and Defendants' Motion

to Stay (ECF No. 37) is **GRANTED**.  Discovery in this action is therefore **STAYED** pending

resolution of Defendants' Motion to Dismiss.  Upon resolution of Defendants' Motion to

Dismiss, the Court will establish a new case schedule if appropriate.

    **IT IS SO ORDERED.**


Date:  December 21, 2016      _____ */s/ Elizabeth A. Preston Deavers*
                **ELIZABETH A. PRESTON DEAVERS**
                **UNITED STATES MAGISTRATE JUDGE**

5
