IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RUSSELL KISER,** | : | Case No. 2:12-cv-00574 |
| Plaintiff, | : | JUDGE ALGENON L. MARBLEY |
| v. | : | Magistrate Judge Deavers |
| **LILI REITZ,** *et al.*, | : | |
| Defendants, | : | |

## OPINION & ORDER

This matter is before the Court on the Motion for Attorney's Fees of the Plaintiff, Dr. Russell Kiser. (ECF No. 51). For the reasons stated below, the Court **DENIES** the Plaintiff's motion.

### I. BACKGROUND

#### A. Factual Background

Dr. Kiser is a licensed dentist practicing in Ohio. Defendants are members of the Ohio State Dental Board ("the Board"), sued in their official capacities. The Board is a state agency, established by Ohio Revised Code Chapter 4715.01, *et seq.*, and the regulations in the Ohio Administrative Code Chapter 4715, *et seq.* Under these statutes and regulations, the Board has the power to license and regulate dental professionals in the State of Ohio and to enforce the provisions of O.R.C. § 4715.01, *et seq.*, and O.A.C. § 4715, *et seq.*

In 2012, Dr. Kiser filed the underlying suit challenging two of the Board's regulations on the advertising and practice of dental services. Specifically, Dr. Kiser objected to the Board's "Exclusivity Rule" (O.A.C. §§ 4715-5-04) and "Recognition Rule" (O.A.C. §§ 4715-13-05). The Exclusivity Rule prohibits any dentist advertising as a specialist from practicing outside the

1

scope of the advertised specialty area. The Recognition Rule prohibits dentists from advertising as a specialist in any specialty area not recognized by the American Dental Association ("ADA").

Dr. Kiser is specialist in endodontics (root canal work), but he provides both endodontic and general dentistry services to his patients. On August 17, 2009, Dr. Kiser received a letter from the Board, which stated that Dr. Kiser had violated the Exclusivity Rule by "perform[ing] services outside of his stated specialty of endodontics" while "holding [him]self out as a specialist." The letter said that he must limit his practice to endodontic services if he wished to continue to advertise as a specialist in that field. According to the letter Dr. Kiser could, alternatively, advertise and perform both endodontic and general dentistry services, but if he chose to do so, he must hold himself out as a general dentist rather than a specialist. The Board did not take any further action. In May 2012, Dr. Kiser requested that the Board review and approve proposed signage outside his office that would include the terms "endodontist" as well as "general dentist" or "general dentistry." The Board neither approved nor rejected the signage. Instead, the Board responded with a letter advising Dr. Kiser to consult legal counsel. The Board also attached copies of the relevant regulations and the Board's 2009 warning letter. The Board did not commence any formal proceeding or disciplinary action against Dr. Kiser and has not done so to date.

### B. Procedural History

Dr. Kiser filed his Complaint on June 28, 2012, alleging that the warning and threat of formal disciplinary action was intended to have a chilling effect on his commercial speech and to induce him to forego lawful advertising. (ECF No. 2). The Complaint alleged violations of: (1) Dr. Kiser's First Amendment right to commercial speech; (2) substantive due process; (3)

procedural due process; and (4) equal protection. (*Id.*). Dr. Kiser filed suit against the individual defendants under 42 U.S.C. § 1983 and sought a declaratory judgment establishing the unconstitutionality of the Exclusivity and Recognition Rules and injunctive relief prohibiting the Board from enforcing them. (*Id.*).

In August 2013, this Court granted the Defendants' Motion to Dismiss for lack of ripeness. (ECF No. 17). On appeal, the Sixth Circuit reversed and remanded. *Kiser v. Reitz*, No. 2:12-CV-574, 2013 WL 4080734 (S.D. Ohio Aug. 13, 2013); (ECF No. 22). In March 2015, this Court granted Defendants' Motion to Dismiss for failure to state a claim on all counts. (ECF No. 27). On August 5, 2016, the Sixth Circuit affirmed in part and reversed in part. *Kiser v. Kamdar*, 831 F.3d 784 (6th Cir. 2016); (ECF No. 30). The Sixth Circuit affirmed the dismissal of Dr. Kiser's procedural due process claim but reversed the dismissal of his First Amendment and Equal Protection claims, as well as his substantive due process claim to the extent it was coextensive with his First Amendment claim. *Id*.

While Dr. Kiser's second appeal was still pending, the Board began the process of rescinding the Exclusivity Rule. (ECF No. 56 at 3). In May 2016, the Board's Law and Rules Committee deliberated over the rule and made a recommendation to the Board in favor of its repeal. (*Id.*). After the required public notice and comment period, the Board and an oversight committee approved the recommended changes. (*Id.*). In November 2016, the Board directed its staff not to enforce the Exclusivity Rule during the period before the repeal became effective. (*Id.*). The Board's rescission of the Exclusivity Rule became effective on December 22, 2016. (*Id.*).

In November 2016, Defendants moved to dismiss all of Dr. Kiser's remaining claims as moot because the Board had rescinded the Exclusivity Rule and had directed its staff not to

3

enforce it. (ECF No. 36). The Court granted the motion on September 12, 2017. (ECF No. 49). Plaintiff appealed that dismissal. (ECF No. 52).

On October 2, 2017, Dr. Kiser filed the present Motion for Attorney's Fees, requesting an award of $152,057.50. (ECF No. 51 at 4). That motion is fully briefed and is ripe for review.

## II. STANDARD OF REVIEW

Section 1988 permits a court to award reasonable attorney's fees to the "prevailing party" in a civil rights action brought under 42 U.S.C. § 1983. A plaintiff is not entitled to any attorney's fees unless it is a "prevailing party." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 791–92 (1989); *see also DiLaura v. Twp. of Ann Arbor,* 471 F.3d 666, 670 (6th Cir.2006). Once it has established prevailing party status, the "degree of the plaintiff's overall success goes to the reasonableness . . . not to the availability of a fee award." *Garland,* 489 U.S. at 793, 109 S.Ct. 1486.

When a party is a "prevailing party" under Section 1988, an award of reasonable attorney's fees is "mandatory" absent "special circumstances" that would render the award unjust. *Deja Vu v. Met. Gov't of Nashville & Davidson Cty.*, 421 F.3d 417, 420 (6th Cir. 2005); *see also Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). Additionally, courts may adjust the amount of the award based on the prevailing party's "degree of success" in obtaining relief. *See id.* at 436.

## III. LAW AND ANALYSIS

Section 1988 "requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail." *Hewitt v. Helms*, 482 U.S. 755, 760 (1987). The Supreme Court has also clarified that a "judicial pronouncement that the defendant has violated

4

the Constitution, unaccompanied by an enforceable judgment on the merits, does not render the plaintiff a prevailing party." *Farrar v. Hobby*, 506 U.S. 103, 112 (1992).

A plaintiff qualifies as a prevailing party when the plaintiff wins relief on the merits in the form of a court order, consent decree, or judicially-enforced settlement that "materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Id.* at 111-12. "Whatever relief the plaintiff receives must benefit him at the time of the judgment or settlement." *Id.* at 111.

The Supreme Court distinguishes court-enforced judgments or settlements requiring defendants to modify their behavior from voluntary, unilateral acts of defendants that may be beneficial to plaintiffs. *See Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 598-99 (2001). "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change" to confer prevailing party status. *Id.* (emphasis in original). If a court order or settlement does not itself provide the plaintiff any relief, the plaintiff has not prevailed, even if the order "catalyzed" a defendant's decision to voluntarily modify its own behavior in the way that the plaintiff desired. *See id.* at 605.

The first issue the Court must resolve is whether Dr. Kiser is a "prevailing party" within the meaning of § 1988(b). Ultimately, he is not: Neither this Court nor the Sixth Circuit has awarded Dr. Kiser an enforceable judgment on the merits of his claims. As such, any changes in the parties' legal relationship or in the Board's behavior that may have occurred since Dr. Kiser's initial Complaint on June 28, 2012 cannot be the result of judicially sanctioned relief. No court order or settlement agreement sufficient to make Dr. Kiser a prevailing party exists.

In his Motion for Attorney's Fees, Dr. Kiser asserts that "[t]he Sixth Circuit has held that the [Board's regulations] violated his rights under the First Amendment and the Equal Protection Clause." (ECF No. 51 at 2). This is not the case. Dr. Kiser refers to the Sixth Circuit's decision on his second appeal, *Kiser v. Kamdar*, 831 F.3d 784 (6th Cir. 2016) ("*Kiser II*"). There, the Sixth Circuit partially reversed this Court's dismissal of Dr. Kiser's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The Sixth Circuit held that Dr. Kiser had stated a plausible claim that the Board may have violated his First Amendment and Equal Protection rights. However, as is appropriate in ruling on a 12(b)(6) motion, the Sixth Circuit noted that "[a]t this stage in the litigation, it is not our role to decide the merits of Kiser's First Amendment claim." *Kiser II*, 831 F.3d at 790. Likewise, with respect to Dr. Kiser's Equal Protection claim, the Sixth Circuit merely held that this Court erred in reviewing this claim by applying rational-basis review rather than intermediate scrutiny. *Id.* at 792. A directive to apply a different standard of review does not amount to a final judgment declaring that Dr. Kiser is, in fact, entitled to relief under the intermediate scrutiny standard. The Sixth Circuit's pronouncement that Dr. Kiser might *later* prove that the Board violated his constitutional rights is not the equivalent of declaratory relief or any other type of "final judgment on the merits" that could render Dr. Kiser a prevailing party. *See Farrar*, 506 U.S. at 112.

Dr. Kiser also argues that he qualifies as a prevailing party because the Board "promptly amended" its regulations as a result of the Sixth Circuit's ruling in *Kiser II* and thereby provided him with "the relief he wanted when he turned to the courts." (ECF No. 51 at 2). Regardless of whether *Kiser II* caused the Board to rescind the regulations that Dr. Kiser challenged, this argument is misconceived. Dr. Kiser conflates a change in the legal relationship between parties that occurs due to the defendants' voluntary actions with the required "*judicially sanctioned*

6

change in the legal relationship of the parties" that is necessary to confer prevailing party status. *Buckhannon*, 532 U.S. at 605.

Dr. Kiser may well have received "the relief he wanted when he turned to the courts to protect his constitutional rights," (ECF No 51 at 2), but the Board provided him with that "relief" of its own volition without judicial interference. After *Kiser II*, the Board could have left its Exclusivity Rule intact and continued to defend the constitutionality of its regulations and its treatment of Dr. Kiser. Dr. Kiser was still potentially subject to discipline from the Board after *Kiser II*. Absent a judgment invalidating the Exclusivity Rule, he remained liable to discipline until the Board directed its staff not to enforce the rule in November 2016. He did not receive any relief "at the time of the judgment" in *Kiser II*, which would have been necessary for him to become a prevailing party. *See Farrar*, 506 U.S. at 111.

Dr. Kiser's argument is a thinly-veiled iteration of the "catalyst theory," which the Supreme Court proscribed as a basis for conferring prevailing party status in *Buckhannon*. There, the Supreme Court explicitly rejected the argument that a plaintiff becomes a prevailing party "if it receives the desired result because the lawsuit brought about a voluntary change in the defendant's conduct."[1] *Id.* at 601; s*ee also McQueary v. Conway*, 508 Fed. App'x 522, 524 (6th Cir. 2012) (holding that a state legislature's voluntary repeal of the challenged statute did not make the plaintiff a prevailing party); *Habich v. City of Dearborn*, 310 F.Supp.2d 878, 881 (E.D. Mich. 2004) (holding that the defendant city's voluntary removal of a padlock from the plaintiff's property did not make the plaintiff a prevailing party).

---

[1] It is doubtful that Dr. Kiser would even qualify as a prevailing party under the defunct catalyst theory. Forces independent of the present litigation seem to be the true source of the Board's policy change. The Board's own Law and Rules Committee recommended the repeal of the Exclusivity Rule in May 2016, three months before the Sixth Circuit's decision in *Kiser II*. The ADA's own repeal of a similar rule in November 2016 suggests that the Board's actions were part of a larger national trend rather than a specific response to Dr. Kiser's suit.

In rejecting the catalyst theory, the Supreme Court explained that surviving a motion to dismiss for failure to state a claim "is not the type of legal merit that out prior decisions… have found necessary. Indeed, we held in *Hewitt* that an interlocutory ruling that reverses a dismissal for failure to state a claim 'is not the stuff of which legal victories are made.'" *Id.* at 605 (quoting *Hewitt v. Helms*, 482 U.S. 755, 760 (1987)). Accordingly, the Sixth Circuit's decision in *Kiser II* to reverse the dismissal of Dr. Kiser's First Amendment and Equal Protection claims did not confer prevailing party status.

Dr. Kiser cannot point to any judicially sanctioned relief that rendered him a prevailing party entitled to attorney's fees under § 1988(b). No award of attorney's fees is available.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** the Plaintiff's Motion for Attorney's Fees. (ECF No. 51).

**IT IS SO ORDERED.**

                                               s/ Algenon L. Marbley
                                               **ALGENON L. MARBLEY**
                                               **UNITED STATES DISTRICT JUDGE**

**DATED: June 12, 2018**